1  **CLARK LAW FIRM, P.C.**
   63 East Main Street, Suite #501
2  Mesa, Arizona  85201
   (480) 844-0039
3  etc@clarkfirm.com
   Ezra T. Clark, III (I.D. No. 14998)
4  Attorneys for Defendants

5

6              IN THE UNITED STATES DISTRICT COURT

7                      DISTRICT OF ARIZONA

8  GAVIN HADALLER,

9                                Plaintiff,  | Case No. _____

10 v.                                        | **NOTICE OF REMOVAL**

11 SOLAR EMPLOYMENT SOLUTIONS, LLC,
   an Arizona limited liability company; CLINT
12 TAYLOR and JANE DOE TAYLOR, husband
   and wife; NORAH SILVA and JOHN DOE
13 SILVA, husband and wife,
                                Defendants.

14
          Pursuant to 28 U.S.C. §§1331, 1441(a) and 1446(a), defendants hereby give notice of the
15
   removal of this civil action from the Kyrene Justice Court, Maricopa County, State of Arizona, to
16
   the United States District Court for the District of Arizona, on the grounds that jurisdiction in the
17
   United States District Court is appropriate under 28 U.S.C. §1331.  Removal of the action arises
18
   from and is appropriate for the following reasons:
19
          1.     On January 25, 2016, plaintiff filed a civil action against defendants in the Kyrene
20
   Justice Court, Maricopa County, State of Arizona, cause number CC2016-015016. Pursuant to 28
21
   U.S.C. §1446(a), a copy of the Complaint and Summons are attached hereto as Exhibits "A" and
22
   "B", respectively.
23
          2.     Plaintiff perfected service of the Complaint on defendants by delivering a copy of the
24
   Complaint to defendants Norah Silva on February 4, 2016 and Clint Taylor on February 5, 2016.
25
          3.     No further pleadings have been filed to date because defendants have chosen to
26
   remove to federal court.
27

28
                                          1

4.     Receipt of the Complaint by the defendants as set forth above constitutes the first receipt by defendants of plaintiff's Complaint. Therefore, this Notice of Removal is timely under 28 U.S.C. §1446(b).

5.     In his Complaint, plaintiff alleges violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

6.     Accordingly, federal questions are present for purposes of jurisdiction under 28 U.S.C. §1331, and thus the action filed in the Kyrene Justice Court, Maricopa County, State of Arizona, cause number CC2016-015016 RC, may be removed to the United States District Court for the District of Arizona under 28 U.S.C. §1441(a).

7.     In accordance with 28 U.S.C. §1446(d) and Local Rule 3.6, Rules of Practice of the United States District Court for the District of Arizona, a copy of this Removal has been filed with the Clerk of the Kyrene Justice Court and served upon counsel for plaintiff.

WHEREFORE, defendants respectfully request that this Court assume full jurisdiction over the causes of action referenced herein as provided by law.

DATED this 4th day of March, 2016.

**CLARK LAW FIRM, P.C.**

/s/ Ezra T. Clark, III
Ezra T. Clark, III
63 East Main Street, 5th Floor
Mesa, Arizona 85201
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

PHILLIPS DAYES, P.C.
*Attorneys for Plaintiff*

Michelle L. Hadder
Paralegal

1

**PHILLIPS DAYES**
NATIONAL EMPLOYMENT LAW FIRM
*A Professional Corporation*

2

3   3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS

4   docket@phillipsdayeslaw.com
TREY DAYES, No. 020805

5   SEAN DAVIS, No. 030754
(602) 288-1610 ext. 301

6   Attorneys for Plaintiff

7                    **MARICOPA COUNTY, ARIZONA**

8                    **KYRENE JUSTICE COURT**

9
Gavin Hadaller;                              Case No.: 0020160015016 RC

10
                    Plaintiff,

11                                                   **COMPLAINT**

12      vs.

13   Solar Employment Solutions, LLC, an
Arizona limited liability company; Clint

14   Taylor and Jane Doe Taylor, husband and
wife; Norah Silva and John Doe Silva,

15   husband and wife.

16
        Plaintiff Gavin Hadaller, for his Complaint against Defendants, alleges as follows:

17
                    **NATURE OF THE CASE**

18

19      1.   The Fair Labor Standards Act is designed to eliminate "labor conditions

20   detrimental to the maintenance of the minimum standard of living necessary for health,

21   efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals,

22   the FLSA sets minimum wage and overtime pay requirements for covered employers. *See*

23   29 U.S.C. §§ 206(a), 207(a).

24      2.   Employers must compensate employees for all work that employers permit

25

Complaint                          **EXHIBIT**                          Page 1

                                        *A*

1  employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of

2  employers' management to ensure that work is not performed if management does not

3  desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept

4  the benefits of employees performing work without compensating the employees for their

5  work. *Id.*

6      3.      Plaintiff brings this action against Defendants for unlawful failure to pay

7  overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et*

8  *seq.* ("FLSA").

9

10      4.      Plaintiff also bring this action against Defendants for unlawful failure to pay

11  failure to pay minimum wage in direct violation of the Fair Labor Standards Act (FLSA)

12  29 U.S.C. § 201 *et seq.* and the Arizona Minimum Wage Act, A.R.S. § 23-362, *et seq.*

13      5.      Arizona law protects employees from employers seeking to pay less than

14  minimum wage.

15      6.      Under Arizona law, employers are required to pay minimum wages, currently

16  set by the State at a rate of $8.05 per hour.

17      7.      An employer who fails to properly pay minimum wages to an employee is

18  liable to the employee in the amount of the wages owed, interest on the unpaid wages,

19  and as damages "an additional amount equal to twice the underpaid wages." A.R.S. § 23-

20  364(G).

21

22      8.      Defendants had a consistent policy and practice of requiring Plaintiff to work

23  well in excess of forty (40) hours per week without paying them time and a half for hours

24  worked over forty (40) hours per week.

25

---

Complaint                                                                                                  Page 2

9.   Plaintiff seeks to recover unpaid minimum wage, overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

10.   This Court has jurisdiction over the subject matter and the parties hereto as the amounts involved in this matter are less than $10,000.

11.   Venue is proper under as the events giving rise to this cause of action occurred in the Kyrene district.

## PARTIES

12.   At all times material hereto, Plaintiff was a resident of Maricopa County, Arizona.

13.   At all times material hereto, Solar Employment Solutions, LLC was incorporated in the State of Arizona with its principal place of business in Maricopa County, Arizona.

14.   Upon information and belief, at all times material hereto, Defendant Clint Taylor, was and continues to be a resident of Maricopa County, Arizona.

15.   Jane Doe Taylor is Clint Taylor's wife.  Clint and Jane Doe Taylor have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

16.   Upon information and belief, at all times material hereto, Defendant Norah Silva, was and continues to be a resident of Maricopa County, Arizona.

17.   John Doe Silva is Norah Silva's husband.  Norah and John Doe Silva have

1  caused events to take place giving rise to this Complaint as to which their marital

2  community is fully liable.

3                          **FACTUAL BACKGROUND**

4      18.   Solar Employment Solutions, LLC specializes in residential and commercial

5  solar electric systems.

6      19.   Solar Employment Solutions, LLC hired Plaintiff in November of 2014 as a

7  canvassing coordinator.

8      20.   Plaintiff's job duties and responsibilities included developing and

9  implementing policies for which Solar Employment Solutions, LLC would recruit new

10  employees.

11

12     21.   Plaintiff also was responsible for performing contacts and follow ups with the

13  clientele of Solar Employment Solutions, LLC.

14     22.   Plaintiff also performed corporate outreach tasks to develop partnerships with

15  other businesses to create referral streams of business for Solar Employment Solutions,

16  LLC.

17     23.   Solar Employment Solutions, LLC compensated Plaintiff with a weekly

18  salary of $300 per week.

19     24.   Defendants withheld taxes out of Plaintiff's paycheck pursuant to IRS

20  regulations.

21

22     25.   Plaintiff's regular schedule was six days per week and he would have to work

23  every other Sunday.

24     26.   Plaintiff would average approximately 72.5 hours of work ever week.

25

Complaint                                                          Page 4

27. Each and every week that Plaintiff has worked his regular schedule, he has worked over forty hours in a week.

28. By improperly classifying Plaintiff as an exempt employee, Defendants are depriving Plaintiff upwards of twenty hours of overtime pay each and every week.

29. Defendants did not pay Plaintiff overtime.

30. Plaintiff was not a commissioned employee.

31. Commissions did not consist of more than half of Plaintiff's weekly earnings.

32. As Plaintiff worked in excess of seventy hours per week for Defendants and was paid a salary of approximately $300 per week, the wages paid by Defendants failed to meet or exceed the minimum wage required by either the FLSA or by Arizona's Minimum Wage Act, A.R.S. § 23-362, *et seq.*

33. In all but one week of Plaintiff's employment with Solar Employment Solutions, LLC, he earned less than $455 per week.

34. Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendants Clint Taylor and Norah Silva were and are the owners of Solar Employment Solutions, LLC

35. At all relevant times, Plaintiff was an "employee" of Solar Employment Solutions, LLC.

36. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

37. At all relevant times, each of the Defendants was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

38.   At all relevant times, each of the Defendants was and continues to be an "employer" as defined in A.R.S. §§ 23-350 or 23-362(B) (Version 2).

39.   Each of the Defendants should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

40.   Each of the Defendants should be deemed an "employer" for purposes of the Arizona Wage Laws including, without limitation, A.R.S. §§ 23-350 or 23-362(B) (Version 2).

41.   Defendant Clint Taylor is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216, and is co-equally liable with Solar Employment Solutions, LLC.

42.   Defendant Norah Silva is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216, and is co-equally liable with Solar Employment Solutions, LLC.

43.   Defendant Clint Taylor is deemed an "employer" for purposes of the Arizona Wage Laws, including, without limitation, A.R.S. §§ 23-350 or 23-362(B) (Version 2), and is co-equally liable with Solar Employment Solutions, LLC.

44.   Defendant Norah Silva is deemed an "employer" for purposes of the Arizona Wage Laws, including, without limitation, A.R.S. §§ 23-350 or 23-362(B) (Version 2), and is co-equally liable with Solar Employment Solutions, LLC.

45.   All Defendants are co-equally liable for all matters.

46. Defendant Clint Taylor made all decisions on the daily activities of his employees and is therefore individually liable under the FLSA and the Arizona Wage Laws.

47. Defendant Clint Taylor makes all decisions regarding pay policies for Solar Employment Solutions, LLC and is therefore individually liable under the FLSA and the Arizona Wage Laws.

48. Defendant Norah Silva made all decisions on the daily activities of her employees and is therefore individually liable under the FLSA and the Arizona Wage Laws.

49. Defendant Norah Silva makes all decisions regarding pay policies for Solar Employment Solutions, LLC and is therefore individually liable under the FLSA and the Arizona Wage Laws.

50. Defendant Clint Taylor exerted financial control over Solar Employment Solutions, LLC and is therefore individually liable under the FLSA and the Arizona Wage Laws.

51. Defendant Clint Taylor exerted operative control over Solar Employment Solutions, LLC and is therefore individually liable under the FLSA and the Arizona Wage Laws.

52. Defendant Norah Silva exerted financial control over Solar Employment Solutions, LLC and is therefore individually liable under the FLSA and the Arizona Wage Laws.

53.   Defendant Norah Silva exerted operative control over Solar Employment Solutions, LLC and is therefore individually liable under the FLSA and the Arizona Wage Laws.

54.   Defendant Clint Taylor has the power to close Solar Employment Solutions, LLC

55.   Defendant Norah Silva has the power to close Solar Employment Solutions, LLC

56.   Defendant Clint Taylor has the power to hire and fire employees.

57.   Defendant Norah Silva has the power to hire and fire employees.

58.   Defendant Clint Taylor hired managerial employees.

59.   Defendant Norah Silva hired managerial employees.

60.   On information and belief, Defendant Clint Taylor maintained employment records.

61.   On information and belief, Defendant Norah Silva maintained employment records.

62.   On information and belief, Defendant Clint Taylor dictated the corporate message in pending labor investigations.

63.   On information and belief, Defendant Norah Silva dictated the corporate message in pending labor investigations.

64.   Defendant Clint Taylor profited from the violations detailed in this complaint.

65.   Defendant Norah Silva profited from the violations detailed in this complaint.

1     66.   At all times material to this action, Solar Employment Solutions, LLC was

2   and continues to be an "enterprise engaged in commerce or in the production of goods for

3   commerce" as defined by 29 U.S.C. § 203(s)(1).

4     67.   Solar products Defendants used to provide their services were manufactured

5   outside the state of Arizona.

6     68.   Plaintiff handled supplies that originated out of state.

7     69.   Plaintiff engaged in commerce or in the production of goods for commerce

8   and is therefore individually covered under the FLSA pursuant to 29 U.S.C. §§206(a),

9   207(a)(1), 212(c).

10

11     70.   On information and belief, at all relevant times, the annual gross revenue of

12   Defendants exceeded, and continues to exceed, $500,000.00.

13     71.   Plaintiff was a non-exempt employee.

14     72.   Defendants managed, supervised, and directed all aspects of Plaintiff's job

15   duties and responsibilities.

16     73.   Plaintiff's primary duty was not the performance of work requiring advanced

17   knowledge in a field of science or learning that was acquired by a prolonged course of

18   specialized intellectual instruction.

19     74.   Plaintiff did not perform work requiring advanced knowledge.

20

21     75.   Plaintiff did not perform work in a field of science or learning.

22     76.   Plaintiff did not have an advanced degree and was not required to have one to

23   perform the work.

24

25

77. The knowledge required to perform the work is not acquired by a prolonged course of specialized intellectual study.

78. Plaintiff's work did not require consistent exercise of discretion and judgment.

79. Plaintiff's work did not require him to analyze, interpret, or make deductions from varying facts or circumstances.

80. Plaintiff's work did not require invention, imagination, originality, or talent.

81. Plaintiff's work did not require creative or original analysis and interpretation.

82. On January 5, 2015 Plaintiff approached Defendants and requested that Defendants compensate him properly. Specifically Plaintiff told Defendants that he should be paid at least minimum wage and overtime for all hours worked over forty in a week.

83. Defendant Clint Taylor chastised Plaintiff for attempting to discuss his wages and told Plaintiff to never bring up the topic again.

84. On February 16, 2015, after receiving another pay check with less hours than he should have been paid, below minimum wage and without any overtime, Plaintiff again addressed the issue with Defendant Clint Taylor.

85. Later that day, Defendant Clint Taylor terminated Plaintiff, solely in retaliation for Plaintiff requesting his proper wages under the FLSA.

86.   Plaintiff has retained the law firm of Phillips Dayes National Employment Law Firm to prosecute his claims against Defendants on his behalf and has agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

**COUNT ONE**
**OVERTIME VIOLATION—29 U.S.C. § 207**

87.   Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

88.   While employed by Defendants, Plaintiff regularly worked multiple hours of overtime per week.

89.   Plaintiff was a non-exempt employee.

90.   Defendants have intentionally and willfully failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

91.   On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

92.   As the direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

93.   Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

1    94.   In addition to the amount of unpaid wages owed to Plaintiff, he is also

2  entitled to recover an additional equal amount as liquidated damages pursuant to 29

3  U.S.C. § 216(b).

4    95.   On information and belief, Defendants' conduct in failing to properly

5  compensate Plaintiff, in violation of the FLSA, was willful.

6    96.   Defendants have not made a good faith effort to comply with the FLSA.

7  Plaintiff has been required to bring this action to recover his overtime compensation, and

8

9  his statutory liquidated damages, and as the direct and foreseeable result of Defendants'

10  conduct, Plaintiff has incurred costs and attorneys' fees.

11    WHEREFORE, Plaintiff respectfully requests that judgment be entered in his

12  favor against Defendants:

13      a.   Awarding Plaintiff overtime compensation in the amount due for all of

14        his time worked in excess of forty (40) hours per week at a pay rate

15        equal to one and one-half times Plaintiff's regular rate of pay while at

16

17        work for Defendants, in an amount proved at trial;

18      b.   Awarding Plaintiff liquidated damages in an amount equal to the

19        overtime award;

20      c.   Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the

21        litigation pursuant to 29 U.S.C. § 216(b);

22      d.   Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all

23        amounts awarded under subsections (a) and (b) above from the date of

24        the payment due for that pay period until paid in full;

25

Complaint          Page 12

e. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f. For such other and further relief as the Court deems just and proper.

## COUNT TWO

### MINIMUM WAGE VIOLATION—29 U.S.C. § 206

97. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

98. Pursuant to 29 U.S.C. § 206, Defendants were required to pay Plaintiff at least the amount of the federal minimum wage, when those wages were due, for each hour Plaintiff worked.

99. Defendants willfully failed and refused to pay Plaintiff at least the amount of the federal minimum wage when those wages were due.

100. Plaintiff is entitled to collect the difference between the wages he received and the wages due, over the past three years, in an amount to be proved at trial, in addition to liquidated damages in the same amount, together with costs, disbursements, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b).

101. Plaintiff has been required to bring this action to recover his federal minimum wages remaining due and unpaid, and his statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants:

a.  Awarding Plaintiff compensation in the amount due for unpaid

minimum wages in an amount proved at trial;

b.  Awarding Plaintiff liquidated damages in an amount equal to the award;

c.  Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the

litigation pursuant to 29 U.S.C. § 216(b);

d.  Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all

amounts awarded under subsections (a) and (b) above from the date of

the payment due for that pay period until paid in full;

e.  Awarding Plaintiff post-judgment interest, at the highest legal rate, on

all awards from the date of such award until paid in full; and

f.  For such other and further relief as the Court deems just and proper.

### COUNT THREE

### MINIMUM WAGE VIOLATION—A.R.S §§ 23-363, -364

101.  Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

102. Pursuant to A.R.S. § 23-363, Defendants were required to pay at least the amount of the Arizona minimum wage, when those wages were due, for each hour Plaintiff worked.

103. Defendants willfully failed and refused to pay Plaintiff at least the amount of the Arizona minimum wage when those wages were due.

104. Plaintiff is entitled to collect the difference between the wages they received and the wages due, over the past two years, in an amount to be proved at trial, together

1   with an additional amount equal to twice the underpaid wages, plus, without limitation,

2   interest, costs, and attorney fees pursuant to A.R.S. § 23-364(G).

3       105. Plaintiff has been required to bring this action to recover his Arizona

4   minimum wages remaining due and unpaid, and his statutory damages, and as the direct

5   and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys'

6   fees.

7

8                              **COUNT FOUR**
                 **RETALIATION IN VIOLATION OF THE FLSA**

9

10      105.    Plaintiffs incorporate and adopt the preceding paragraphs as if fully set
    forth herein.

11      106.    As set forth above, Plaintiffs were retaliated against for exercising their

12  rights under the FLSA.

13      107.    Pursuant to FLSA, 29 U.S.C. § 215(a)(3), it is unlawful to discharge or in

14  any other manner discriminate against any employee because such employee has filed a

15  complaint or instituted or caused to be instituted any proceedings under or related to this

16  chapter, or has testified or is about to testify in any such proceedings, or has served or is

17  about to serve on an industry committee…"

18

19      108.    Such conduct not only includes formal complaints with a court or the

20  Department of Labor, but also informal complaints to an employer. *See Williamson v.*

21  *Gen. Dynamics Corp.*, 208 F.3d 1144, 1151 (9th Cir. 2000).

22      109.    Plaintiffs have suffered emotional distress, mental anguish, lost past and

23  future wages as a result of Defendants' retaliatory conduct.

24

25

Complaint                                                                    Page 15

110.   As a result of Defendants' retaliatory conduct, Plaintiff is entitled to compensatory damages, punitive damages, attorneys' fees and costs, and all other legal or equitable relief permitted under 29 U.S.C. § 216.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor, and against Defendants:

    a.  Awarding Plaintiff compensation in the amount due for unpaid minimum wages in an amount to be proved at trial;

    b.  Awarding Plaintiff an additional amount equal to twice the underpaid wages;

    c.  Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of litigation pursuant to A.R.S. § 23-364(G);

    d.  Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (A) and (B) above from the date of the payment due for that pay period until paid in full;

    e.  Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

    f.  For such other and further relief as the Court deems just and proper.

Dated: January 22, 2016

Respectfully submitted,

PHILLIPS DAYES NATIONAL EMPLOYMENT LAW FIRM  PC
By: _____
       Trey Dayes
       Sean Davis
       Attorney for Plaintiff

# PHILLIPS DAYES
NATIONAL EMPLOYMENT LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1100
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS
docket@phillipsdayeslaw.com
TREY DAYES, No. 020805
SEAN C. DAVIS, No. 030754
seand@phillipsdayeslaw.com
Direct: (602) 288-1610 ext. 432
Attorneys for Plaintiff

## MARICOPA COUNTY, ARIZONA
### ENCANTO JUSTICE COURT

| | |
|---|---|
| Gavin Hadaller;<br><br>                        Plaintiff,<br><br>        vs.<br><br>Solar Employment Solutions, LLC, an Arizona limited liability company; Clint Taylor and Jane Doe Taylor, husband and wife; Norah Silva and John Doe Silva, husband and wife. | Case No.: CC2016 - 015016<br><br>**SUMMONS** |

**THE STATE OF ARIZONA TO THE ABOVE-NAMED DEFENDANT(S):**

1.  **YOU ARE SUMMONED** to respond to this complaint by filing a written ANSWER with this Court and by paying the required fee. If you cannot afford to pay the required fee, you may request that the Court either waive or defer the fee.

2.  If you were served with this summons in the State of Arizona, the Court must receive your answer within twenty (20) calendar days from the date you were served. If you were served outside the State of Arizona, the Court must receive your answer within thirty (30) calendar days from the date you were served. If the last day is a Saturday, Sunday, or legal holiday, you will have until the next working day to file your answer. When calculating time, do not count the day you were served with the summons.

3.  Your answer must be in writing.

    (a)  You may obtain an answer form from this Court.

Summons

**EXHIBIT**

B

Page 1

1      (b) You may also obtain an answer form from the Form section of the Maricopa County Justice
        Courts website at http://justicecourts.maricopa.gov. The direct link is:
2        http://justicecourts.maricopa.gov/Forms/cv_Answer.pdf

3   4. Provide a copy of your answer to the Plaintiff(s) or to the Plaintiff's attorney in accordance with
       JCRCP Rule 120.

4

5   5.  **IF YOU FAIL TO FILE A WRITTEN ANSWER WITH THIS COURT WITHIN THE
        TIME INDICATED ABOVE, A DEFAULT JUDGMENT MAY BE ENTERED AGAINST
        YOU.**

6

7       **REQUESTS FOR REASONABLE ACCOMODATIONS FOR PERSONS WITH
        DISABILITIES MUST BE MADE TO THE COURT AT LEAST 3 JUDICIAL
        DAYS IN ADVANCE OF ANY SCHEDULED HEARING**

8

9

10  Date: _____ 1/25/16 _____ John P. McCord

                                        Justice of the Peace

11

12      *You are required to keep the court advised of your current address and contact phone number.*
        *The clerk can provide you with a Notice of Change of Address form.*

13

14

15

16

17

18

19

20

21

22

23

24

25

Summons                                                                          Page 2